IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD STEPHEN GLICK,

Petitioner,

v.

JEFF PREMO,

Respondent.

Case No. 6:16-cv-01316-MO

**OPINION AND ORDER**

**MOSMAN, Judge.**

Petitioner is currently in the custody of the Oregon Department of Corrections. He brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's Habeas Corpus Petition (ECF No. 1) is DENIED, and this case is DISMISSED.

## BACKGROUND

On March 13, 2003, a Jackson County grand jury indicted Petitioner for the murder of his estranged wife. Resp't Exs. (ECF No. 18), Ex. 102. Petitioner entered a "no contest" plea, and the trial court sentenced him to life imprisonment with a minimum incarceration term of 25 years. Resp't Exs. 103, 104. Petitioner now seeks habeas relief on several grounds, including that his "no contest" plea was not knowing, intelligent, and voluntary. Resp't Ex. 101.

Petitioner directly appealed the trial court's judgment, but on February 21, 2007, the Oregon Court of Appeals affirmed without opinion. *State v. Glick*, 211 Or. App. 148 (2007). Petitioner did not seek review from the Oregon Supreme Court, making his judgment of conviction final as of March 28, 2007[1]. Resp't Ex. 108.

PCR trial counsel filed an initial Petition for post-conviction relief (PCR) on September 15, 2008. Resp't Ex.156. Following a series of evidentiary hearings[2], the PCR trial court granted Petitioner's motion to amend his Petition.[3] Resp't Ex. 109. But on July 26, 2012, the PCR trial court denied relief on the merits. Resp't Ex. 147. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Glick v. Premo*,

---

[1] Petitioner argues direct review was final April 17, 2007 (the "Effective Date" stamped on the appellate judgment), rather than thirty five days after February 21, 2007—the date of decision of the Court of Appeals. Pet'r's Br. in Supp. (ECF No. 31) at 2. Petitioner is incorrect. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (when a petitioner does not seek direct review by the state's highest court, "his judgment becomes final when his time for seeking review with the State's highest court expired."); ORAP 9.05 (2)(a) (2017) (providing that "any party seeking to obtain review of a decision of the Court of Appeals shall file a petition for review in the Supreme Court within 35 days after the date of the decision of the Court of Appeals"). Moreover, since Petitioner did not seek direct review by the Oregon Supreme Court, he was not entitled to seek a writ of certiorari in the United States Supreme Court, and therefore is not entitled to the ninety extra days he would have been given to do this. *Zepeda v. Walker*, 581 F. 3d 1013, 1016 (9th Cir. 2009) ("The period of direct review after which a conviction becomes final includes the 90 days during which the state prisoner can seek a writ of certiorari from the United States Supreme Court.") (citing *Bowen v. Roe*, 188 F. 3d 1157, 1159-60 (9th Cir. 1999)).

[2] The PCR court held a series of evidentiary hearings—on May 17, 2011, June 28, 2011, September 16, 2011, and July 26, 2012—before ultimately denying relief. Resp't Ex. 146. Following the June 28, 2011, hearing, Petitioner submitted his proposed Amended Petition, which the PCR trial court ultimately allowed following the September 16, 2011, hearing.

[3] Petitioner's Amended Petition for Post-Conviction Relief is dated June 20, 2011. Resp't Ex. 109.

271 Or. App. 862 (2015); 358 Or. 69 (2015). His state post-conviction appeal became final November 10, 2015. Resp't Ex. 155.

On June 20, 2016, Petitioner signed his Petition for Writ of Habeas Corpus, alleging four grounds for relief. Pet. at 4-8. Respondent asks this Court to dismiss the Petition because it was filed long after the one-year statute of limitations expired. 28 U.S.C. § 2244(d)(1). Though Petitioner disputes the exact dates relevant to the calculation, he concedes untimeliness. However, according to Petitioner he is entitled to equitable tolling due to numerous errors committed by post-conviction trial and appellate counsel.

## **STANDARDS**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on a petition for writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is statutorily tolled while a "properly filed" state petition for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).

The one-year limitations period may be equitably tolled upon a showing that (1) the petitioner pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 632 (2010). The extraordinary circumstance raised must be both the but-for cause and the proximate cause of the untimeliness. *Compare Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (twenty-seven day interruption in prisoner's access to legal materials during prison transfer was not an extraordinary circumstance), *with Espinoza-Matthews v. California*, 432 F. 3d. 1021 (9th Cir. 2005) (prisoner's eleven-month

deprivation of paperwork related to his legal case was the cause of his untimeliness), *and Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056 (9th Cir. 2007) (departmental order eliminating case law from prison library was not the but-for cause of prisoner's untimely filing), *and Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014) (prisoner's limited English proficiency and mental impairment were not the cause of his untimely filing where he received translation assistance and managed to file state habeas petitions in three different state courts during the federal limitations period).

Actions or omissions of counsel may warrant equitable tolling in rare cases. *Holland*, 560 U.S. at 648 (the determination must be made on a case-by-case basis); s*ee e.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (counsel's failure to file federal habeas petition despite payment and repeated requests, followed by failure to return requested file, was an extraordinary circumstance); *Rudin v. Myles*, 781 F. 3d 1043, 1056-57 (9th Cir. 2015) (post-conviction counsel's repeated failure to respond to prisoner's attempts to contact him was tantamount to client abandonment, warranting equitable tolling); *Luna v. Kernan*, 784 F.3d 640 (9th Cir. 2015) (counsel's misrepresentation to prisoner that petition was timely filed, though none was, transcends garden variety negligence and constitutes an extraordinary circumstance).

However, attorney negligence, including miscalculation of the limitations period, is not an extraordinary circumstance warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327 (2007) (same); *accord Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (attorney's miscalculation of the filing deadline is not an extraordinary circumstance, particularly in post-conviction proceedings where the constitution does not afford the right to counsel).

## DISCUSSION

In the case at bar, Petitioner had until March 28, 2008, to timely seek federal habeas relief or toll the limitations period by properly filing for state post-conviction relief. Instead, he allowed 537 un-tolled days to elapse, until September 15, 2008, when he filed his initial petition for post-conviction relief. Resp't Ex. 156. According to Petitioner, this period[4] should be equitably tolled due to his PCR trial counsel's neglect. Pet'r's Br. in Supp. at 14.

In a Declaration submitted to this Court, Petitioner's PCR trial counsel, Larry Roloff, admits that he was focused on obtaining relief for Petitioner in *state* post-conviction court, and *federal* habeas relief was simply not on his "radar." Pet'r's Br. in Supp. at 9; Pet'r's Ex. A (ECF 31-1). Petitioner contends Mr. Roloff's admitted ignorance of the federal deadline constituted "professional misconduct of an egregious nature" rather than the "garden variety" negligence. Petitioner further points to an affidavit from an Oregon criminal defense attorney who claims the standard of care for PCR counsel in Oregon during the relevant period was "to advise people who might be filing a Petition for Post[-]Conviction Relief that it need[s] to be filed in less than one year so a federal [habeas petition] could be filed, if necessary[.]" Pet'r's Ex. B at 3 (ECF No. 31-2).

Significantly, Petitioner does not allege he hired Mr. Roloff to prepare or file a federal habeas petition for him, or that Petitioner requested advice from Mr. Roloff regarding federal

---

[4] Petitioner would like this Court to also consider the period between November 10, 2015 (when his state post-conviction appeal was final), and June 20, 2016 (when he filed the instant petition). However, that period would only become relevant to our analysis if Petitioner met his burden of showing entitlement to equitable tolling between March 28, 2007 and March 28, 2008. *See Sumner v. Steward*, No. 3:14-cv-00627-HZ, 2015 WL 1609398, *3 (D. Or. April 6, 2015) (finding that successive PCR counsel could not have impeded prisoner's ability to timely file where he "had already lost the ability to timely file this federal habeas corpus case" by the time successive counsel got involved).

5 – OPINION AND ORDER

habeas relief until after Mr. Roloff's representation of Petitioner had concluded and Petitioner encountered issues with his post-conviction appellate counsel. Pet'r's Ex. C at 2, 5, 7 (ECF No. 31-3); *cf. Drollinger v. Nooth*, No. 2:13-cv-01756-ST, 2015 WL 518625, *3 (D. Or. Feb. 4, 2015) (post-conviction trial counsel's focus on state statute of limitations, where petitioner did not inquire about federal relief, did not warrant equitable tolling); *see also Shorb v. Nooth*, No. 2:14-cv-02005-SB, 2016 WL 8198530, *3-4 (D. Or. Feb. 2, 2017) (post-conviction trial counsel's failure to timely file state PCR petition—which he was hired to do—was, "at most garden-variety negligence" and did not warrant equitable tolling); *Gonzalez-Gutierrez v. Nooth*, No. 2:16-cv-01969-MA, 2018 WL 2027732 (D. Or. April 30, 2018) (state post-conviction counsel's inaccurate statements regarding federal habeas relief, and failure to monitor federal deadlines, did not constitute an extraordinary circumstance where engagement letter expressly limited scope of representation to state court). In other words, Petitioner is asking this Court to find that Mr. Roloff's otherwise adequate representation of Petitioner in the matter he was hired to work on constitutes "professional misconduct" because Mr. Roloff did not perform additional work he was not hired to perform. This Court declines to do so.

In sum, even assuming for the sake of argument that Mr. Roloff was negligent in failing to take federal relief into consideration during his state-court representation of Petitioner, attorney negligence does not constitute an extraordinary circumstance under the controlling case law, cited above. Therefore, Petitioner is not entitled to equitable tolling of the federal limitations period, which expired during Mr. Roloff's time as Petitioner's state PCR trial counsel.

Petitioner would like this Court to conduct an evidentiary hearing to allow him to, among other things, ask Mr. Roloff to "elaborate on his understanding of what [Petitioner] could expect from [Mr. Roloff]," and to call upon other PCR practitioners to "testify that they were trained

about, and understood it to be their duty to be aware of, the federal limitations period." Pet'r's Sur-Reply at 2 (ECF No. 45). However, Mr. Roloff has already provided sufficient information for this Court to rule on the question presented by his involvement with Petitioner's case, and testimony from other PCR practitioners is not relevant to this Court's determination. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (finding that if habeas relief is precluded on the record before the court, a district court is not required to hold an evidentiary hearing).

## **CONCLUSION**

Based on the foregoing, Petitioner's Habeas Corpus Petition (ECF No. 1) is DENIED, and this proceeding is DISMISSED, with prejudice. The Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 31st day of July, 2018.

Michael W. Mosman
Chief United States District Judge